**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
Sharon L. McNeal-Silnicki

Case No.: 19-11614

Judge: JNP

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 3/18/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/VAS    Initial Debtor: /s/ SMc    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __300 x 15 mos__ per __985 x45 mos__ to the Chapter 13 Trustee, starting on 2/1/2019, $985 start on 5/1/2020 for approximately __60 Total__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☒ NONE |
|---|---|

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| Part 3: | Priority Claims (Including Administrative Expenses) |
|---|---|

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3750.00 |
| DOMESTIC SUPPORT OBLIGATION | NONE | NONE |
| Internal Revenue Service | Priority Tax Claim 2015, 2016 & 2018 | $4,988.97 |
| Attorney Supplemental Fees* *After submission of fee application and approval by court order | Administrative | $900.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

| Part 4: | Secured Claims |
|---|---|

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Freedom Mortgage Corporation * *Claim transferred by JG Wentworth | 1043 Route 47 S Rio Grande, NJ | $25,089.00 & $8191.38 post-petition arrears Total arrears: $33,280.38 | 0% | $33,280.38 | $1289.00 as adjusted by monthly escrows) |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ __0.00_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority and Administrative Claims
3) Secured Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: January 25, 2019.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Post-petition payment arrears of Freedom Mortgage of $8191.38 are to be capitalized in the plan per Court Order Resolving Motion to Vacate Stay dated March 6, 2020. This will bring total mortgage arrears to be cured to total of $33,280.38 | Trustee payment to be increased from originally proposed $761 starting May 1 2020 to $985 starting May 1 2020. This will account for increased mortgage arrears and supplemental attorney fees of $900 subject to court approval |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 3/18/2020                                             /s/ Sharon McNeal Silnicki
                                                            Debtor

Date: _____                                   _____
                                                            Joint Debtor

Date: 3/18/2020                                             /s/ Victoria A Steffen
                                                            Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Sharon L. McNeal-Silnicki  
    Debtor

Case No. 19-11614-JNP  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 2    Date Rcvd: Mar 20, 2020  
                    Form ID: pdf901    Total Noticed: 41

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2020.
```
db              Sharon L. McNeal-Silnicki,    1043 Route 47 S,    Rio Grande, NJ 08242-1507
cr             +FREEDOM MORTGAGE CORPORATION,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,
                 Suite 1400,    Philadelphia, PA 19103-1814
517989334       APEX Asset Management,    PO Box 5407,    Lancaster, PA 17606-5407
517989335       Boscov's/Comenity Cap Bank,    Bankruptcy Dept,    PO Box 183043,    Columbus, OH 43218-3043
517989338       DeLasotta, Fernando MD,    PO Box 385,    Linwood, NJ 08221-0385
518618827       FREEDOM MORTGAGE CORPORATION,    PO Box 50485,    Indianapolis, IN 46250-0485
518618828       FREEDOM MORTGAGE CORPORATION,    PO Box 50485,    Indianapolis, IN 46250-0485,
                 FREEDOM MORTGAGE CORPORATION,    PO Box 50485,    Indianapolis, IN 46250-0485
518133035      +J.G. Wentworth Home Lending, LLC,    216 Haddon Avenue, Ste. 406,    Westmont, NJ 08108-2812
518158726      +J.G. Wentworth Home Lending, LLC.,    c/o Cenlar FSB,    425 Phillips Boulevard,
                 Ewing, NJ 08618-1430
517989341       JG Wentworth Home Lending,    PO Box 77404,    Ewing, NJ 08628-6404
517989342       KML Law Group,    216 Haddon Ave # 406,    Westmont, NJ 08108-2812
517989344      +Lyons,Doughty & Veldhuis,    136 Gaither Dr Ste 100,    Mount Laurel, NJ 08054-2239
517989348       NJ EZ Pass,    PO Box 4972,    Trenton, NJ 08650-4972
517989349       NPAS Inc,    PO Box 99400,    Louisville, KY 40269-0400
517989346       National Processing,    4132 S Rainbow Blvd # 388,    Las Vegas, NV 89103-3106
517989347       Nationwide Recovery Services,    545 Inman St E,    Cleveland, TN 37311-6248
517989350      +Panther Medical,    935 Highway 34 Ste B,    Matawan, NJ 07747-3282
517989351       Publishers Clearing House,    PO Box 6344,    Harlan, IA 51593-1844
517989352       Receivables Outsourcing LLC,    PO Box 549,    Timonium, MD 21094-0549
518601162      +Robert J. Davidow, Esq.,    Phelan Hallinan Diamond & Jones, PC,
                 1617 JFK Boulevard, Suite 1400,    Philadelphia, PA 19103-1814
517989353       Santander Consumer USA,    Bankruptcy Dept.,    PO Box 560284,    Dallas, TX 75356-0284
518021925      +Santander Consumer USA Inc,    P.O. Box 961245,    Fort Worth, TX 76161-0244
518757368       SantanderConsumerUSA Inc,    successor in interest to Gateway,One,
                 Lending&Finance,LLC(Gateway),    P.O. Box 560284 Dallas, TX 75356
518757369       SantanderConsumerUSA Inc,    successor in interest to Gateway,One,
                 Lending&Finance,LLC(Gateway),    P.O. Box 560284 Dallas, TX 75356,    SantanderConsumerUSA Inc,
                 successor in interest to Gateway,One
517992396       Steven Silnicki,    1043 Route 47 S,    Rio Grande, NJ 08242-1507
517989355       Township of Middle EMS,    PO Box 476,    Cape May Court House, NJ 08210-0476
517989356       Tricare Medical Transportation,    825 Noahs Rd,    Pleasantville, NJ 08232-4227
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Mar 20 2020 23:22:10     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 20 2020 23:22:08     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517989333       E-mail/Text: kristin.villneauve@allianceoneinc.com Mar 20 2020 23:20:48     Alliance One,
                 4850 E Street Rd Ste 300,    Trevose, PA 19053-6643
517989336       E-mail/Text: lriley@caperegional.com Mar 20 2020 23:21:33     Cape Regional Medical Center,
                 Attn: Billing Dept,    2 Stone Harbor Blvd,    Cape May Court House, NJ 08210-2138
517989337       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 20 2020 23:27:49
                 Capital One Bank (USA), N.A.,    PO Box 30258,    Salt Lake City, UT 84130-0258
518045075      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Mar 20 2020 23:28:15
                 Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517989339       E-mail/Text: GOLF_STBankruptcy@gatewayonelending.com Mar 20 2020 23:20:46
                 Gateway One Lending,    3818 E Coronado St Ste 100,    Anaheim, CA 92807-1620
518003500       E-mail/Text: GOLF_STBankruptcy@gatewayonelending.com Mar 20 2020 23:20:46
                 Gateway One Lending & Finance, LLC,    175 N Riverview Drive,    Anaheim, CA 92808
517989340       E-mail/Text: sbse.cio.bnc.mail@irs.gov Mar 20 2020 23:21:38     Internal Revenue Service,
                 PO Box 7346,    Philadelphia, PA 19101-7346
517989343       E-mail/PDF: resurgentbknotifications@resurgent.com Mar 20 2020 23:26:22     LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10497,    Greenville, SC 29603-0497
518068247       E-mail/PDF: resurgentbknotifications@resurgent.com Mar 20 2020 23:26:25     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
518065101      +E-mail/Text: bankruptcydpt@mcmcg.com Mar 20 2020 23:22:07     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
517989345       E-mail/Text: bankruptcydpt@mcmcg.com Mar 20 2020 23:22:07     Midland Funding LLC,
                 2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
517989354       E-mail/Text: jboehler@shorememorial.org Mar 20 2020 23:22:52     Shore Medical Center,
                 100 Medical Center Way,    Somers Point, NJ 08244-2300
                                                                                               TOTAL: 14
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1              User: admin                    Page 2 of 2                    Date Rcvd: Mar 20, 2020
                                  Form ID: pdf901                Total Noticed: 41
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2020                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 18, 2020 at the address(es) listed below:
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              Kevin Gordon McDonald    on behalf of Creditor    J.G. Wentworth Home Lending, LLC.
               kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Robert Davidow    on behalf of Creditor    FREEDOM MORTGAGE CORPORATION nj.bkecf@fedphe.com
              Sherri Jennifer Smith     on behalf of Creditor    FREEDOM MORTGAGE CORPORATION nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              Victoria A. Steffen    on behalf of Debtor Sharon L. McNeal-Silnicki vsteffen@verizon.net,
               G30369@notify.cincompass.com
                                                                                             TOTAL: 7
```