# PLUESE, BECKER & SALTZMAN, LLC
## Attorneys at Law

**ROB SALTZMAN** ◆
RSaltzman@pbslaw.org

**SANFORD J. BECKER**
SBecker@pbslaw.org

**ROBERT T. PLUESE**
Retired

◆ PA and NJ Bars

20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
Telephone: (856) 813-1700
Telecopier: (856) 813-1720

January 18, 2022

**ROBERT F. THOMAS** ◆
RThomas@pbslaw.org

**COURTNEY A. MARTIN** ◆
CMartin@pbslaw.org

*Of Counsel*

**STUART H. WEST**◆
SWest@pbslaw.org

Our File:

The Hon. Jerrold N. Poslusny, Jr., U.S.B.J.
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

Re: <u>In re Sharon L. McNeal-Silnicki</u>
    Chapter 13 Case No.19-11614-JNP

Dear Judge Poslusny:

As the Docket should reflect, this law firm is privileged to represent the Mortgagee, Freedom Mortgage Corporation (the "Mortgagee"), Holder/Servicer of a mortgage (the "Mortgage") encumbering property (the "Mortgaged Property") of the Debtor located at 1043 Route 47 South, Rio Grande, NJ 08242. Please accept this letter memorandum in lieu of a more formal submission in response to the Debtor's pending Motion Objecting to Notice of Post-Petition Mortgage Fees. Expenses, and Charges (the "Objection") presently scheduled for Hearing on January 25, 2022.

The Objection arises from the Mortgagee's payment of a "Vacant Property Registration Fee" imposed pursuant to Section V of Chapter 193 of the Middle Township Code, which defines a "vacant property" to include property that is occupied as the owner's principal residence but is encumbered by a mortgage in default. The Mortgagee understands the underlying Municipal charge may have been improvidently assessed, and the Debtor appreciates that institutional mortgage servicers' systems are such that municipal charges are generally paid upon receipt of a Notice.

Accordingly, the Parties have directed their respective counsel to cooperate in an effort to accomplish a refund from the Municipality that will enable the Mortgagee to adjust their records, thereby resolving the Objection.

The Hon. Jerrold J. Poslusny, Jr., U.S.B.J.
In re: McNeal-Silnicki;
Chapter 13 Case No. 19-11614
January 18, 2022
p. 2

Counsel for the Parties are contemporaneously reaching out to the Municipality to discuss our shared concern that the Vacant Property Registration Fee should not have been assessed to the Mortgaged Property and that, more generally, the relevant Ordinance may be infirm for reasons recently articulated by the NJ Superior Court in McCormick 106 LL C v. Community Champions Corporation d/b/a Prochamps, Township of Galloway and Township of Hamilton ( ATL-L- 002311-18). If we are unable to resolve the matter informally, it may become necessary to employ some appropriate procedural method of involving the Municipality in these proceedings so they may explain on the record the basis for imposing this "Fee" during the pendency of an active reorganization.

Accordingly, the Parties jointly request the Hearing be adjourned *sine die* with, in this Court's discretion, a control date to report our progress and to solicit any guidance the Court is inclined to provide in the event there is insufficient progress to report.

Thank you for Your Honor's consideration of this matter

Respectfully Submitted,
Pluese, Becker & Saltzman, LLC

By: _____
    Rob Saltzman

c: Victoria Steffen, Esq., via email and ECF
   Ray Shockley, Esq., via ECF